[No. 30013. *En Banc.* August 1, 1946.]

THE STATE OF WASHINGTON, *on the Relation of Grand Coulee Joint School District No. 55-201-20 et al., Plaintiff,*

v. THE STATE FINANCE COMMITTEE *et al.,*

*Respondents.*[1]

*Moe & Huse,* for relators.

*The Attorney General* and *Lyle L. Iversen, Assistant,* for respondents.

*Preston, Thorgrimson, Horowitz & Turner, amicus curiae.*

[1]Reported in 171 P. (2d) 696.

MILLARD, J.—This matter is before us on original petition of relators for peremptory writ of mandate to require respondents to consummate purchase of a certain issue of bonds, in accordance with the bid of the state finance committee therefor. The facts are fully alleged in the petition, to which respondents demurred and moved to quash on the ground that the petition does not state facts sufficient to constitute a cause of action.

The facts are as follows: Grand Coulee Joint School District No. 55-201-20 is a second-class school district which lies in Grant, Douglas, and Lincoln counties and consists of Grant county school district No. 55, Lincoln county school district No. 201, and Douglas county school district No. 123.

At a session, September 26, 1945, of the directors of the joint district, a resolution was adopted providing for the purchase of a site for the erection of a high school building thereon and construction of the building and to issue bonds of the district in the aggregate amount of $19,250 for the purpose of raising funds to meet the expense of such improvement. At the same session, the directors adopted a resolution which provided that a special election be held October 11, 1945, for the purpose of determining whether the directors of the district should borrow money and issue bonds of the district for the purpose stated.

On application of the directors of the joint district, the county election board of Grant county gave written authorization August 31, 1945, to the joint school district to conduct the election. September 26, 1945, a notice of special school district bond election was prepared and signed by the clerk of the joint district, giving notice of said bond election, which was to be held October 11, 1945. The clerk of the joint district caused copies of the election notice to be posted September 27, 1945. The election was held October 11, 1945, at the Grand Coulee high school building and the Electric City school building, both of which school buildings are located in Grant county.

Pursuant to the written authorization of Grant county election board, one Mrs. Leah Spratlin was placed in charge

of the organization of the election board at Grand Coulee high school, and W. J. Harmon was placed in charge of organizing the election board at Electric City school building. From the voters first appearing at the polls, and without regard to political affiliation, two persons were elected to act as judges and one as clerk, and as such they composed the election board for the election to be held at the Grand Coulee high school building.

The election was conducted in the same manner at Electric City school building. The persons so elected to act as judges and as clerk certified the election returns, which were in favor of issuance of the bonds. October 16, 1945, the directors of the joint school district certified the election returns to the treasurer for Grant county, on which date the election board of Grant county canvassed the returns and certified the results of the election. Thereafter, the school bonds were offered for sale, and November 26, 1945, the bid of the state finance committee for purchase of the bonds was accepted.

On the ground that no legal election was held because of noncompliance of the joint school district with the provisions of chapter 194, p. 561, Laws of 1945 (Rem. Supp. 1945, § 5147), the finance committee refused to consummate the purchase of the bonds, and the state auditor refused to draw warrant in favor of relators for payment of the purchase price of the bonds as determined by the accepted bid of the state finance committee.

It is respondents' contention that § 3, chapter 194, Laws of 1945, is applicable to school districts of the second and third class, and that an election not conducted in the manner prescribed by that section is illegal.

Section 3, chapter 194, p. 562, Laws of 1945, was originally § 5, chapter 61, p. 181, Laws of 1921 (Rem. Comp. Stat., § 5147). Section 1, chapter 194, p. 561, Laws of 1945, reads as follows:

"Section 1. All city, town and water district elections, whether general or special, and whether for the election of municipal or district officers or for the submission to the voters of any city, town or district of any question for their

adoption and approval, or rejection, shall be held in all counties of the second to ninth classes, inclusive, on the Tuesday following the first Monday of November, 1945, and thereafter in the year in which they may be called: *Provided*, That this section shall not be construed as fixing the time of holding elections for the recall of city, town or district officers."

Chapter 61, Laws of 1921, relates to elections in class A and first-class counties. Section 5 of that act provides that it shall be the duty of the chairman of the board of county commissioners, the county auditor, and the prosecuting attorney in all city, town, and district elections held "under the provisions of this act" to provide places for holding elections, to appoint the election officers, to provide for their compensation, to provide for ballot boxes and ballots or voting machines and to publish and post notices of calling such elections "in the manner provided by law." This was Rem. Comp. Stat., § 5147.

Section 5, chapter 61, Laws of 1921 was amended by § 3, chapter 53, p. 173, Laws of 1923 (Rem. Rev. Stat., § 5147). The only change was that instead of reciting that "it shall be the duty," the amended section reads that the three officers named "shall constitute an election board for all elections held under the provisions of this act," the section still providing for the appointment by such election board of the precinct election officers. Section 5 (Rem. Comp. Stat., § 5147) was amended by § 3, chapter 53, Laws of 1923, which amended Rem. Comp. Stat., §§ 5143, 5144, 5147, and 5148, and added what are now Rem. Rev. Stat., §§ 5148-1, 5148-2, 5148-3, 5148-4, and 5148-5 [P.P.C. §§ 522-15, -17, -19, -21, -23] in §§ 5 to 9 of chapter 53, *supra*. The additional sections are amendments to chapter 61, Laws of 1921, and references to "this act" as used in chapter 53, Laws of 1923, mean chapter 61, Laws of 1921, as amended by chapter 53, Laws of 1923.

The only matter in the amendments (Rem. Rev. Stat., §§ 5148-1, 5148-2, 5148-3, 5148-4) pertinent to the provisions of § 5 (Rem. Comp. Stat., § 5147), chapter 61, Laws of 1921 were the matters relative to posting and publishing of

notices (§ 7, now Rem. Rev. Stat., § 5148-3). Clearly, the change in the words in Rem. Comp. Stat., § 5147, from "in the manner provided by law" to "in the manner provided by this act" has meaning only as to the phrase "to publish and post notices," the only phrase into which the words "in the manner provided by this act" are actually incorporated.

Chapter 170, p. 665, Laws of 1921, which relates to elections in other than class A and first-class counties, was not materially amended by chapter 279, p. 673, Laws of 1927.

Rem. Rev. Stat., § 5147, had to do with elections in class A and first-class counties. Rem. Rev. Stat., § 5152 (§ 3, chapter 170, Laws of 1921, as amended by § 2, chapter 279, Laws of 1927) governs elections other than in class A and first-class counties.

Chapter 79, p. 373, Laws of 1933, amended Rem. Rev. Stat., § 5147, to provide for the political complexion of the precinct election boards. Chapter 29, p. 76, Laws of 1933, Ex. Ses., provides that the chairman of the board of county commissioners, the county auditor, and the prosecuting attorney of such county, "shall constitute the election board for all elections," and makes it the duty of such board to provide places for holding such election to appoint the precinct election officers etc. The statute further provides:

"That in the appointment of the precinct election officers by the county election board, said board shall designate the inspector and one judge in each precinct from that political party polling the highest number of votes for its first presidential elector in such county in the last preceding general election at which presidential electors were voted for, and one judge from that political party polling the next highest number of votes for its first presidential elector in such county at said election."

This statute specifically repeals § 5, chapter 61 of the Laws of 1921 as amended by § 1, chapter 79, Laws of 1933. Those sections had to do with elections in class A and first-class counties. Chapter 29, *supra,* specifically repeals § 3, chapter 170, Laws of 1921, as amended by § 3, chapter 279, Laws of 1927 (Rem. Rev. Stat., § 5152), which had to do with elections in other than class A and first-class counties.

Section 3, chapter 194, Laws of 1945 (Rem. Supp. 1945, § 5147), is identical in language with § 1, chapter 29, Laws of 1933, Ex. Ses.

While chapter 29, Laws of 1933, Ex. Ses., was in force, a school district of Clark county held an election to authorize a bond issue and, in accordance with the school code, gave notices and selected election officials in almost the same manner as was done in the case at bar. The bonds were authorized at that election, and the bid of the state finance committee for purchase of the bonds was accepted by the school district, which sought in this court a writ of mandate, on refusal of the state finance committee to accept the bonds, requiring the state finance committee to consummate the purchase. The state finance committee refused to consummate the purchase of the bonds because of noncompliance by the school district with chapter 29, Laws of 1933, Ex. Ses. We held in that case (*State ex rel. School Dist. No. 92 v. State Finance Committee,* 178 Wash. 565, 35 P. (2d) 500) that the requirement of the statute was absolute, and the failure of the school district to comply therewith was fatal to the validity of the election. We stated the language "shall constitute the election board for all elections" was broad, but there was nothing in the statute before us, or in previous legislation, upon the subject which warranted the court in anywise narrowing the effect of the broad language used. We said:

"Hence, it necessarily follows that, from and after the taking effect of chapter 29, no election could legally be held except under the direction and control of the county election board as established by that chapter." *State ex rel. School Dist. No. 92 v. State Finance Committee,* 178 Wash. 565, 570, 35 P. (2d) 500.

We held that § 1, chapter 29, Laws of 1933, Ex. Ses., applied to all elections in all counties. It follows, therefore, that § 3, of chapter 194, Laws of 1945, which is identical in language with § 1, chapter 29, Laws of 1933, Ex. Ses., applies to the election in question, and that the election authorizing the bonds, which relators seek to compel respondents to accept, was illegal. It is unnecessary to discuss the other

540

questions raised by relators, as the case cited is controlling

The demurrer is sustained, and motion to quash is granted. The writ is denied.

BEALS, C. J., STEINERT, SIMPSON, MALLERY, and CONNELLY, JJ., concur.

BLAKE, J., dissents.

JEFFERS, J. (dissenting)—I am of the opinion that § 3, chapter 194, p. 562, Laws of 1945, was never intended to and does not have any application to school elections in districts of the second and third class; that, in holding the election here involved, the applicable statutes were in all essential requirements complied with.

I am therefore unable to agree with the majority opinion.

ROBINSON, J., concurs with JEFFER, J.